UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
IN RE: PRESTIGE BRANDS HOLDINGS, INC.                    05 Civ. 6924 (CLB)
        SECURITIES LITIGATION
                                                         *Memorandum and Order*

----------------------------------------------------------x
Brieant, J.

　　　Before the Court for decision is a motion to dismiss claims contained in Plaintiffs'

Supplemental Amended Complaint pursuant to Rule 12(b)(6), by defendant GTCR Golder

Rauner, LLC ("GTCR"). (Doc. 79).  The motion was timely filed on August 30, 2006.

Opposition papers were filed on October 2, 2006 and reply papers were filed on October 16,

2006.


　　　Plaintiffs brought this securities class action suit on behalf of purchasers of stock of

Prestige Brands Holdings ("Prestige"), seeking remedies under the Securities Act of 1933

("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act").  Defendant GTCR

was a major investor in the stock of Prestige, and provided financial and management consulting

services to Prestige pursuant to a professional services agreement ("PSA").


　　　On July 10, 2006 this Court held that while Plaintiffs had adequately stated primary

violations under Sections 11 and 12 of the Securities Act against the Prestige defendants and

underwriters, they failed to state claims against GTCR under section 10(b) of the Exchange Act

and sections 11 and 12 of the Securities Act.  Plaintiffs did not initially attempt to plead "control

person" liability against GTCR under section 15 of the Securities Act.  However, the Court

1

allowed Plaintiffs thirty days to file and serve a Supplemental Amended Complaint to state such a claim.

On August 8, 2006 Plaintiffs filed and served a Supplemental Amended Complaint, which added a claim against GTCR as a "control person" under Section 15 of the Securities Act. Plaintiffs allege that "GTCR had control over the issuer and had the power and authority to cause the issuer to engage in violations of Section 11 and Section 12(a)(2) of the Securities Act, including the issuance of a Prospectus containing false and misleading statements and omissions, and solicitation of purchases pursuant to that Prospectus." ¶ 193 of Supp. Complaint.

The parties agree that the sole issue before the Court is whether the Supplemental Amended complaint adequately states a control person claim under Section 15 of the Securities Act.

To establish a prima facie case for control person liability, a Plaintiff must show: "(1) a primary violation by a controlled person; (2) control of the primary violator by the defendant; and (3) 'that the controlling person was in some meaningful sense a culpable participant' in the primary violation." *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998) (quoting *SEC v. First Jersey Sec., Inc.*, 101 F.3d 715 (2d Cir. 1996).

Plaintiffs rely on the following facts in support of their theory:  1) GTCR formed Prestige and owned 85.2% of its stock; 2) GTCR placed two of its principals on Prestige's five member

Board of Directors; 3) GTCR was paid a $ 4 million "management fee" by Prestige pursuant to a professional services contract that was in effect right up until the IPO; 4) GTCR maintained substantial control over Prestige even after the IPO, as stated in the Prospectus.

Defendant argues that "courts have routinely held that such generic allegations of stock ownership and appointments are insufficient to establish 'control person' liability", citing several District Court cases.  However, none of these cases involved a majority shareholder with the power to appoint Board members.  *See In re Global Crossing, Ltd.* Sec. Litig, No. 02-910, 2005 WL 1881514 (S.D.N.Y. Aug. 5, 2005) (alleged control persons were minority shareholders); *See In re Deutsche Telekom,* No. 00 Civ. 9475, 2002 WL 244597 (S.D.N.Y. Feb. 20, 2002) (alleged control person was 22% shareholder, and a different shareholder owned 43% of the primary violator); *See In re Flag Telecom Holdings, Ltd. Sec. Litig.,* 308 F. Supp. 2d 249 (S.D.N.Y. 2005) (alleged control person owned 30% of issuer stock.)

GTCR also argues that the PSA, cited by Plaintiffs, shows that it could not have controlled Prestige because it expressly states that GTRC is an "independent contractor" providing "consulting services" having no control over Prestige.  However, the PSA described only one of GTCR's several relationships with Prestige.  GTCR was also the promoter and majority shareholder of Prestige.  The PSA does not, as GTCR argues, "dispose of plaintiff's control theory," nor are Plaintiffs bound by self serving recitals in the consulting agreement.  The nature and extent of control is fact intensive.

3

GTCR seems to urge the Court to demand from the complaint more than is required by the pleading standards of Rule 8(a). The Supreme Court has held that, in order to meet the pleading requirements of Rule 8(a), "a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N. A.* 534 U.S. 506, 512 (2002) (internal quotations omitted.) Our Court of Appeals has described Rule 8 pleading is "extremely permissive." *Twombly v. Bell Atlantic Corp.* 425 F.3d 99, 108 (2d Cir. 2005) (citing *Swierkiewicz, supra*). By pleading the allegations listed above, Plaintiffs have met the pleading requirements of Rule 8(a).

## <u>Conclusion</u>

Defendant's GCTR's motion to dismiss is denied. Counsel for all parties shall confer and propose a Scheduling Order to the Court within fifteen (15) days.

X

X

X

4

SO ORDERED.

Dated: White Plains, New York
        November 9, 2006

*Charles Brieant*

Charles L. Brieant, U.S.D.J.