UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x
In re PRESTIGE BRANDS HOLDINGS, INC. : Master File No. 7:05-cv-06924-CS
SECURITIES LITIGATION              :
                                   : **ELECTRONICALLY FILED**
——————————————————— :
                                   : CLASS ACTION
This Document Relates To:          :
                                   :
    ALL ACTIONS.                   :
                                   :
——————————————————— x

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated action is pending before this Court styled *In re Prestige Brands Holdings, Inc. Securities Litigation*, Master File No. 7:05-cv-06924-CS (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated July 24, 2009 (the "Stipulation"), which, together with the exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve [*finds to be within the range of reasonableness, and therefore*] the Stipulation and the settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2. A hearing (the "Final Approval Hearing") shall be held before this Court on December 4, 2009, at 2:00 p.m., to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.9 of the Stipulation should be entered; whether the proposed Plan of Allocation should be approved; and to determine any amount of fees and expenses that should be awarded to Plaintiffs' Counsel and Plaintiffs for their expenses.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court has certified a Class defined as all Persons who purchased Prestige common stock pursuant to or traceable to the Company's IPO on February 9, 2005 through November 15, 2005. Excluded from the Class are Defendants, the officers and directors of Prestige, members of their immediate families, and their

legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class pursuant to the Notice of Pendency of Class Action dated February 2, 2009 (and do not retract their request) and those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Proposed Settlement of Class Action.

4. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of Gilardi & Co. LLC, 3301 Kerner Boulevard, San Rafael, CA 94901 ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than August 17, 2009 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.gilardi.com;

(b) Not later than August 27, 2009, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once in *The Commercial Appeal*; and

(c) Not later than November 6, 2009, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

5. Nominees who purchased Prestige common stock for the benefit of another Person during the period February 9, 2005 to November 15, 2005, inclusive, shall be requested to send the Notice and Proof of Claim and Release to all such beneficial owners of Prestige common stock within twenty-one (21) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within twenty-one (21) days of receipt thereof, in

which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release to such beneficial owners.

6. All fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund and in no event shall Defendants bear any responsibility for such fees, costs, or expenses.

7. All members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

8. Class Members who wish to participate in the settlement shall complete and submit the Proof of Claim and Release in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Release must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed.

9. Any member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

10. Any Person falling within the definition of the Class who has not already requested exclusion from the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than November 20, 2009. A Request for Exclusion must be signed and state: (a)

the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases of Prestige's common stock during the class period, including the dates, the number of shares of Prestige's stock purchased, and price paid for each such purchase; and (c) that the Person wishes to be excluded from the Class. All Persons which submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

11.     Any Person who submitted a valid Request for Exclusion pursuant to the Notice of Pendency of Class Action dated February 2, 2009 and wishes to remain excluded from the Class does not have to file a new Request for Exclusion pursuant to ¶10. Any Person who previously submitted a valid Request for Exclusion pursuant to the Notice of Pendency of Class Action dated February 2, 2009 and wishes to participate in the settlement may do so by submitting to the Claims Administrator a signed letter stating his, her or its desire to retract his, her, or its previous Request for Exclusion, postmarked no later than November 20, 2009.

12.     Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event within ten (10) days prior to the Final Approval Hearing.

13.     Any member of the Class may appear and show cause, if he, she, or it has any reason why the proposed settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees and expenses should not be awarded to counsel for Plaintiffs or Plaintiffs for their expenses; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if

approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to counsel for Plaintiffs, unless written objections and copies of any papers and briefs are received by Ellen Gusikoff Stewart, Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Todd R. David, Alston & Bird, LLP, One Atlantic Center, 1201 West Peachtree Street, Atlanta, GA 30309-3424, and Kenneth M. Kramer and John Gueli, Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022-6069, on or before November 20, 2009; and said objections, papers and briefs are filed with the Clerk of the United States District Court for the Southern District of New York, on or before November 20, 2009. Any member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Plaintiffs' Counsel and the payment of expenses to Plaintiffs, unless otherwise ordered by the Court.

14. All funds held by the Escrow Agent(s) shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

15. All papers in support of the settlement, Plan of Allocation and any application by counsel for Plaintiffs for attorneys' fees and expenses shall be filed and served no later than fourteen (14) calendar days prior to the objection deadline in ¶13 and any reply papers shall be filed and served seven (7) calendar days prior to the Final Approval Hearing.

16. Neither Defendants nor their Related Parties shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Plaintiffs and

Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

17. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees and expenses, including the expenses of Plaintiffs should be approved.

18. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the settlement, or it otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶2.6 or ¶2.7 of the Stipulation.

19. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

20. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: 8/7/09

_____
THE HONORABLE CATHY SEIBEL
UNITED STATES DISTRICT JUDGE

C:\DOCUME~1\dscott\LOCALS~1\Temp\6\MetaSave\EA-00060719.doc